IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02183-BNB

ELIJAH E. BEATTY,

Applicant,

v.

SUZANNE JONES (Warden), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 5 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Elijah E. Beatty is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Beatty initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 7, 2008, Mr. Beatty filed on the proper form an amended application for a writ of habeas corpus. Mr. Beatty is challenging the validity of his conviction in El Paso County District Court case number 99CR968.

In an order filed on November 10, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On November 28, 2008, Respondents filed their Pre-Answer Response. On December 12, 2008, Mr. Beatty filed a reply to the

Pre-Answer Response and a "Motion to Amend Claims to the Present Writ of Habeas Corpus" ("Motion to Amend"). On January 5, 2009, Respondents filed a response to the Motion to Amend. Mr. Beatty was provided an opportunity to file a reply to Respondents' January 5 response but he has not done so.

The Court must construe the amended application and other papers filed by Mr. Beatty liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will grant the Motion to Amend in part and dismiss the amended application in part.

Mr. Beatty was charged with various offenses for firing two bullets into a car with three occupants during a drive-by shooting. He was convicted by a jury of attempted first degree murder after deliberation, two counts of attempted extreme indifference murder, three counts of attempted first degree assault, three counts of reckless endangerment, and illegal discharge of a firearm. Mr. Beatty was sentenced to thirty-eight years in prison for each attempted murder conviction, twelve years for each attempted assault conviction, six months for each reckless endangerment conviction, and six months for the illegal discharge of a firearm conviction. The sentences for two of the attempted murder convictions were ordered to be served consecutively and the remaining sentences were ordered to be served concurrently for a cumulative term of seventy-six years in prison. On direct appeal, the Colorado Court of Appeals vacated two of the convictions for attempted first degree assault as inconsistent with the two

convictions for attempted extreme indifference murder but otherwise affirmed the judgment of conviction and sentence. *See People v. Beatty*, 80 P.3d 847 (Colo. Ct. App. 2003). On December 15, 2003, the Colorado Supreme Court denied Mr. Beatty's petition for writ of certiorari on direct appeal.

Respondents assert that on April 27, 2004, Mr. Beatty filed a postconviction motion in the trial court seeking sentence reconsideration, that the trial court denied the motion on October 1, 2004, and that Mr. Beatty did not appeal the trial court's October 1 order.[1] Respondents also assert that Mr. Beatty filed a second state court postconviction motion on December 30, 2004, pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The trial court denied the Rule 35(c) motion following an evidentiary hearing and the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion. *See People v. Beatty*, No. 06CA1040 (Colo. Ct. App. Nov. 8, 2007) (unpublished). On February 4, 2008, the Colorado Supreme Court denied Mr. Beatty's petition for writ of certiorari in the Rule 35(c) proceedings. The mandate issued on February 13, 2008.

The Court received the instant action for filing on September 29, 2008. In the amended application filed on November 7, Mr. Beatty asserts ten claims for relief. Mr. Beatty's ten claims are:

(1)  There was insufficient evidence of specific intent to support the conviction for attempted first degree murder.

---

[1] Respondents have not provided the Court with a copy of the state court docket sheet or copies of the actual motions or orders to support their assertions regarding the dates on which the state court postconviction motions were filed and denied. Instead, Respondents cite the People's Answer Brief filed in connection with Mr. Beatty's direct appeal and portions of the state court record that have not been provided to the Court. The Court will accept the asserted dates as accurate because they are not disputed by Mr. Beatty in a traverse. *See* 28 U.S.C. § 2248.

3

(2) The trial court failed to instruct the jury properly regarding the lesser included offenses in violation of double jeopardy.

(3) There was insufficient evidence to support the convictions for attempted first degree extreme indifference murder.

(4) The trial court erred in denying Mr. Beatty's motion to compel an election between "after deliberation" murder and "extreme indifference" murder and the jury's verdicts on those counts are logically and legally inconsistent; the Colorado Court of Appeals erred in vacating two of the convictions for attempted first degree assault as inconsistent with the two convictions for attempted extreme indifference murder rather than remanding for a new trial to resolve the inconsistency.

(5) The trial court erred in admitting highly prejudicial evidence of Mr. Beatty's gang involvement.

(6) The trial court abused its discretion in sentencing Mr. Beatty to seventy-six years in prison based almost exclusively on its consideration of a different case in which he was acquitted and in imposing a sentence in the aggravated range and ordering the sentences to run consecutively.

(7) The authorities intentionally suppressed exculpatory evidence.

(8) Counsel failed to seek a proportionality review of Mr. Beatty's sentence and his sentence is disproportionate.

(9) The cumulative effect of error in this case undermined the reliability of the verdicts and denied Mr. Beatty a fair trial.

(10) The trial court improperly instructed the jury regarding the elements of attempted first degree murder.

Mr. Beatty also asserts two ineffective assistance of counsel claims in the Motion to Amend. He specifically contends in the Motion to Amend that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco" and that counsel was ineffective by failing to introduce evidence to the jury of retaliation by Sisco, who believed that Mr. Beatty had snitched about the drive-by shooting.

Respondents argue that Mr. Beatty's ineffective assistance of counsel claims in the Motion to Amend are barred by the one-year limitation period and that a number of his claims in the amended application are unexhausted and procedurally barred. The Court first will address the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Beatty's conviction became final when the time for seeking review in the United States Supreme Court on direct appeal expired because he does not allege that he sought such review. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Beatty had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on December 15, 2003. Therefore, the Court finds that the judgment of conviction became final on March 15, 2004.[2]

The Court also finds that the one-year limitation period began to run on March 15, 2004, because Mr. Beatty does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his ineffective assistance of counsel claims at the time his conviction became final. The one-year limitation period then ran for forty-two days until April 27, 2004, when Mr. Beatty filed his first state court postconviction motion. Pursuant to § 2244(d)(2), the one-year limitation period is tolled while a properly filed postconviction motion is pending in state court.

Mr. Beatty's first state court postconviction motion was denied by the trial court on October 1, 2004. However, pursuant to *Gibson v. Klinger*, 232 F.3d 799, 808 (10th

---

[2]Respondents assert that Mr. Beatty's conviction became final on March 14, 2004, the ninetieth day after December 15, 2003. However, that date fell on a Sunday. Therefore, the time for filing a petition for writ of certiorari in the United States Supreme Court extended until March 15, 2004. *See* Sup. Ct. R. 30.

Cir. 2000), the postconviction motion remained pending until the time for filing an appeal from the trial court's October 1, 2004, order expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Beatty had forty-five days to file a notice of appeal from the trial court's October 1 order, or until November 15, 2004. Therefore, the Court finds that Mr. Beatty's first state court postconviction motion tolled the one-year limitation period from April 27, 2004, through November 15, 2004.

The one-year limitation period then ran for forty-four days until it was tolled again when Mr. Beatty filed his postconviction Rule 35(c) motion on December 30, 2004. The proceedings relevant to the postconviction Rule 35(c) motion were pending in the state courts until February 4, 2008, when the Colorado Supreme Court denied Mr. Beatty's petition for writ of certiorari in the Rule 35(c) proceedings. The one-year limitation period then ran for 237 days until September 29, 2008, when the instant action was received for filing.

Based on these calculations, the Court finds that a total of 323 days counted against the one-year limitation period before the instant action was filed. This total includes the forty-two days between March 15, 2004, and April 27, 2004; the forty-four days between November 15, 2004, and December 30, 2004; and the 237 days between February 4, 2008, an September 29, 3008.

However, Mr. Beatty did not file the Motion to Amend until December 12, 2008, which was seventy-four days after the instant action was filed. Therefore, a total of 397 days count against the one-year limitation period with respect to the ineffective assistance of counsel claims raised in the Motion to Amend and those claims are time-barred unless they relate back to the September 29, 2008, original filing date for this

action. The fact that the instant action was pending in this Court during those seventy-four days did not toll the one-year limitation period pursuant to § 2244(d)(2) with respect to the ineffective assistance of counsel claims raised in the Motion to Amend. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that the statutory tolling provision in § 2244(d)(2) applies only to state proceedings).

Mr. Beatty may amend the habeas corpus application, even after the expiration of the one-year limitation period, as long as the proposed amendments relate back to the timely-filed claims. *See Mayle v. Felix*, 545 U.S. 644 (2005). In order to relate back, the timely claims and the proposed amendments must be "tied to a common core of operative facts." *Id.* at 664. It is not enough that the proposed amendments merely relate to the same trial, conviction, or sentence. *Id.* at 656-64.

The Court has reviewed Mr. Beatty's original pleading received for filing on September 29, 2008, and finds that Mr. Beatty raised in that pleading a claim that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco." Therefore, that ineffective assistance of counsel claim relates back to the original pleading and is timely. Furthermore, even if the time after Mr. Beatty filed the amended application and before the Motion to Amend was filed is counted against the one-year limitation period because the ineffective assistance of counsel claim is not raised in the amended application, this ineffective assistance of counsel claim still is timely. However, Mr. Beatty's second ineffective assistance of counsel claim in the Motion to Amend does not relate back to the original pleading and is time-barred because that claim was not raised in the original application

and is not related to the claims in the original application by a common core of operative facts. As a result, the Motion to Amend will be granted only to the extent Mr. Beatty seeks to add a claim that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco." The Motion to Amend will be denied to the extent Mr. Beatty seeks to add a claim that counsel was ineffective by failing to introduce evidence of retaliation by Sisco.

The Court next will address Respondents exhaustion arguments. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary

9

to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies before seeking federal relief. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents concede that Mr. Beatty exhausted state remedies for claims one, two, six, nine, and ten in the amended application. Respondents also concede that Mr. Beatty exhausted state remedies for his claim in the Motion to Amend that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco." However, Respondents argue that Mr. Beatty failed to exhaust state remedies for claims three, four, five, seven, and eight.

Respondents argue that Mr. Beatty failed to exhaust state remedies for claim three because that claim was not raised in the state court proceedings as a federal constitutional claim. Mr. Beatty contends in claim three that there was insufficient evidence to support the convictions for attempted first degree extreme indifference murder. In support of their argument that claim three is not exhausted, Respondents specifically argue that the third claim in Mr. Beatty's direct appeal, which was raised on pages 13-14 of Mr. Beatty's opening brief on direct appeal, was not raised as a federal

10

constitutional claim. A copy of Mr. Beatty's opening brief on direct appeal is attached to Respondents' Pre-Answer Response as Exhibit A.

The Court has reviewed Mr. Beatty's opening brief on direct appeal and finds that the third claim in his direct appeal is not the same claim as claim three in the instant action. Mr. Beatty's third claim on direct appeal challenged one of his convictions for attempted first degree assault and claim three in this action challenges Mr. Beatty's two convictions for attempted first degree extreme indifference murder.[3] Therefore, Respondents' argument that Mr. Beatty did not raise his third claim on direct appeal as a federal constitutional claim is not relevant to whether claim three in the instant action was raised as a federal constitutional claim. As a result, the Court finds that Respondents fail to demonstrate that claim three is not exhausted.

Respondents next argue that Mr. Beatty's fourth claim is not exhausted because it was not raised as a federal constitutional claim on direct appeal. Mr. Beatty contends in his fourth claim that the trial court erred in denying his motion to compel an election between "after deliberation" murder and "extreme indifference" murder and the jury's verdicts on those counts are logically and legally inconsistent; and that the Colorado Court of Appeals erred in vacating two of the convictions for attempted first degree assault as inconsistent with the two convictions for attempted extreme indifference murder rather than remanding for a new trial to resolve the inconsistency. Respondents concede that Mr. Beatty raised claim four in his direct appeal and, in connection with

---

[3] Part of the confusion may stem from the fact that, although the substance of Mr. Beatty's third claim for relief in his direct appeal relates to a conviction for attempted first degree assault, the heading of that claim refers to attempted first degree murder.

11

this claim, he referred in his opening brief to protecting his "rights to fundamental fairness and the due process of law." (Pre-Answer Resp. at Ex. A, p.20) Respondents also note that Mr. Beatty specifically cited the Fourteenth Amendment to the United States Constitution in connection with this claim in his reply brief on direct appeal.

Respondents correctly assert that Mr. Beatty's citation of the Fourteenth Amendment in his reply brief does not satisfy the fair presentation requirement because, under Colorado law, an issue raised for the first time in a reply brief is not properly before the appellate court. **See People v. Czermerynski**, 786 P.2d 1100, 1107 (Colo. 1990). Therefore, the only question is whether Mr. Beatty's reference to protecting his "rights to fundamental fairness and the due process of law" satisfies the fair presentation requirement.

The Court finds that Mr. Beatty's reference to "protecting his rights to fundamental fairness and the due process of law" does not satisfy the fair presentation requirement for the simple reason that he did not explicitly connect that phrase to a claim under federal law. He did not cite the federal Constitution, he did not cite any federal case law, and he did not label the claim a "federal" claim. **See Baldwin v. Reese**, 541 U.S. 27, 32-33 (2004). The fact that Mr. Beatty specifically cited or referred to the federal Constitution in connection with a number of the other claims in his opening brief on direct appeal also cuts against his argument that a brief reference to protecting his "rights to fundamental fairness and the due process of law" satisfies the fair presentation requirement. **See id.** at 33. Therefore, the Court finds that Mr. Beatty failed to exhaust state remedies for his fourth claim.

For the same reason, the Court also finds that Mr. Beatty failed to exhaust state remedies for claim five. Mr. Beatty alleges in claim five that the trial court erred in admitting highly prejudicial evidence of his gang involvement. He argues that he raised claim five as a federal constitutional claim on direct appeal because he asserted that the admission of this highly prejudicial evidence denied him the right to a fair trial. Once again, despite specific citations and references to the federal Constitution in connection with a number of other claims, Mr. Beatty did not cite the federal Constitution or any federal case law in connection with claim five and he did not label the claim a "federal" claim. *See id.* at 32-33. Therefore, Mr. Beatty's claim five also is not exhausted.

Respondents next argue that Mr. Beatty failed to exhaust state remedies for claim seven because that claim, which Respondents assert was raised in the state court Rule 35(c) proceedings, was not raised as a federal constitutional claim. Mr. Beatty contends in claim seven that the authorities intentionally suppressed exculpatory evidence. The Court has reviewed Mr. Beatty's opening brief on appeal from the denial of his Rule 35(c) motion, a copy of which is attached to Respondents' Pre-Answer Response as Exhibit H, and finds that, although Mr. Beatty raised a claim of newly discovered evidence in the postconviction proceedings, he did not raise a claim that the authorities intentionally suppressed exculpatory evidence. Furthermore, the similar newly discovered evidence claim that Mr. Beatty did raise in his postconviction appeal was not raised as a federal constitutional claim. Therefore, the Court finds that claim seven in the amended application also is not exhausted.

Respondents finally argue that Mr. Beatty failed to exhaust state remedies for claim eight because that claim was not raised on appeal in the postconviction Rule

13

35(c) proceedings. Mr. Beatty asserts in claim eight that counsel failed to seek a proportionality review of Mr. Beatty's sentence and that his sentence is disproportionate. The Court has reviewed Mr. Beatty's opening brief on appeal from the denial of the Rule 35(c) motion and agrees that Mr. Beatty did not raise claim eight in the appellate court. Although Mr. Beatty is correct that an ineffective assistance of counsel claim was raised on appeal in the postconviction Rule 35(c) proceedings, the ineffective assistance of counsel claim that was raised on appeal did not relate in any way to Mr. Beatty's allegation in claim eight that counsel failed to seek a proportionality review. Therefore, the Court finds that claim eight is not exhausted.

Although Mr. Beatty failed to exhaust state remedies for claims four, five, seven, and eight, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Beatty no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Beatty failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). It also appears that any further efforts by Mr. Beatty to raise the unexhausted claims in state court would be time-barred. *See* Colo. Rev. Stat. § 16-5-402. Therefore, the Court finds that claims four, five, seven, and eight are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." ***Jackson v. Shanks***, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See **Coleman v. Thompson***, 501 U.S. 722, 730 (1991). Mr. Beatty's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. ***See Lepiscopo v. Tansy***, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Beatty fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claims four, five, seven, and eight will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims four, five, seven, and eight are procedurally barred and must be dismissed.

In summary, the Motion to Amend will be granted with respect to Mr. Beatty's claim that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco." The Motion to Amend will be denied with respect to Mr. Beatty's claim that counsel was ineffective by failing to introduce evidence of retaliation by Sisco. Respondents concede that the amended application filed on November 7, 2008, is timely and that claims one, two, six, nine, and ten, as well as Mr. Beatty's amended ineffective assistance of counsel claim, are exhausted. Claims four, five, seven, and eight will be dismissed as procedurally barred. The Court finds that Respondents fail to demonstrate that claim three is not exhausted. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's "Motion to Amend Claims to the Present Writ of Habeas Corpus" filed on December 12, 2008, is GRANTED to the extent Applicant seeks to add a claim that counsel was ineffective for not taking adequate steps to obtain and bring forth at trial the alternate suspect known as "Sisco" and DENIED to the extent Applicant seeks to add a claim that counsel was ineffective by failing to introduce evidence to the jury of retaliation by Sisco. It is

FURTHER ORDERED that claims four, five, seven, and eight in the amended application filed on November 7, 2008, are dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02183-BNB

Elijah E. Beatty
Prisoner No. 106911
Colorado State Penitentiary
P.O. Box 777 - A7-21
Cañon City, CO 81215

Wendy J. Ritz
First Assistant Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk