IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   08-cv-02183-WYD

ELIJAH BEATTY,

      Applicant,

v.

SUZANNE JONES, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant Eilijah Beatty is a prisoner in the custody of the Colorado Department of Corrections at the state penitentiary in Canon City, Colorado.  He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his Colorado state conviction in Denver District Court, Case No. 99CR0968.  The Application has been fully briefed by the parties.  I must construe the Application and other papers filed by Mr. Beatty liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, I should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied, and the action will be dismissed.

## I.  *FACTUAL AND PROCEDURAL BACKGROUND*

      Mr. Beatty was charged in El Paso County District Court with multiple offenses

arising out of a drive by shooting that occurred after midnight on March 8, 1999.

(Application attachment at 1). The evidence at Applicant's trial was summarized

accurately by the Colorado Court of Appeals:

> The three victims, father, mother, and child, were traveling in a car. The father was driving, the mother was in the passenger seat, and the child was asleep in the back seat. A white car pulled up next to them, and defendant, who was riding in the back seat, said something to the father. When the father rolled down his window, defendant asked him whether he was the person who had stared at him at a grocery store the previous week. Defendant also said, "Yeah, I know your bitch," referring to the mother. The white car then drove away. The mother testified that she and the father had seen defendant at a grocery store approximately a week earlier.
>
> Later that evening, the white car began to follow the victims' car. The father saw defendant in the front passenger seat of the white car holding a gun, and then he heard gunshots. Two bullet holes were found in the victims' car.

*People v. Beatty*, 80 P.3d 847, 850 (Colo. App. 2003) (Answer Ex. D).

Following his jury trial in October 1999, Mr. Beatty was convicted of attempted

first degree murder after deliberation with respect to the father, two counts of attempted

first degree extreme indifference murder with respect to the mother and child, three

counts of attempted first degree assault, three counts of reckless endangerment, and

one count of illegal discharge of a firearm. He was sentenced to a thirty-eight year

prison term for each attempted murder conviction, twelve years for each attempted

assault conviction, six months for each reckless endangerment conviction, and six

months for his illegal discharge of a firearm. The trial court imposed consecutive

sentences for two of the attempted murder convictions, with the remaining sentences to

be served concurrently.

Mr. Beatty filed a direct appeal challenging his convictions and sentences on numerous grounds. (Answer Ex. A). The state appellate court vacated the convictions for attempted first degree assault with respect to the mother and child, but otherwise affirmed the convictions and sentences. *Beatty*, 80 P.3d at 856. The Colorado Supreme Court denied Mr. Beatty's petition for certiorari review on December 15, 2003. (Answer Ex. F).

Mr. Beatty then filed a motion for post conviction relief pursuant to Colo. Crim. P. Rule 35(c), which the trial court denied on April 21, 2006, after holding an evidentiary hearing. (State Court Record, Court File at 292; March 6 and 7, 2006 Trial Court Hearing Transcripts). The state appellate court affirmed. *People v. Beatty*, No. 06CA1040 (Colo. App. Nov. 8, 2007) (not selected for publication) (Answer Ex. J). The Colorado Supreme Court denied Applicant's petition for certiorari review on February 4, 2008. (Answer Ex. L).

Mr. Beatty filed his [amended] § 2254 Application in this Court on November 7, 2008, asserting the following ten claims:

(1)     There was insufficient evidence of specific intent to support the conviction for attempted first degree murder after deliberation.

(2)     The trial court erred in denying his motion for a new trial after failing to instruct the jury properly regarding the lesser included offenses. As a result, he was convicted of greater and lesser included offenses, in violation of the Double Jeopardy Clause.

(3)     There was insufficient evidence to support his convictions for attempted first degree extreme indifference murder.

(4)     The trial court erred in denying Mr. Beatty's motion to compel an election between "after deliberation" murder and "extreme indifference" murder and

the jury's verdicts on those counts are logically and legally inconsistent; the Colorado Court of Appeals erred in vacating two of the convictions for attempted first degree assault as inconsistent with the two convictions for attempted extreme indifference murder rather than remanding for a new trial to resolve the inconsistency.

(5)     The trial court erred in admitting highly prejudicial evidence of Mr. Beatty's gang involvement.

(6)     The trial court's imposition of an aggravated seventy-six year prison sentence based on its consideration of a different criminal case in which he was acquitted violated his right to due process. The trial court's imposition of consecutive sentences violated state law.

(7)     The authorities intentionally suppressed exculpatory evidence.

(8)     Counsel failed to seek a proportionality review of Mr. Beatty's sentence and his sentence is disproportionate.

(9)     The cumulative effect of error in this case undermined the reliability of the verdicts and denied Mr. Beatty a fair trial.

(10)    The trial court instructed the jury improperly regarding the elements of attempted first degree murder.

On November 10, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. §2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed their Pre-Answer Response on November 28, 2008, conceding that the Application was timely, but arguing that Mr. Beatty had failed to exhaust his state court remedies for claims three, four, five, seven and eight. Mr. Beatty filed a Reply to the Pre-Answer Response on December 12, 2008, as well as a Motion to Amend his Application to add two claims: (1) trial counsel was ineffective for not taking adequate steps to locate and subpoena for trial the

alternate suspect known as "Sisco"; and, (2) trial counsel was ineffective in failing to present evidence at trial of retaliation by Sisco, who believed that Mr. Beatty had snitched about the drive-by shooting. Respondents filed a response to the Motion to Amend on January 5, 2009. Mr. Beatty did not file a reply in support of the motion.

On March 5, 2009, Senior District Judge Zita L. Weinshienk issued an Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge. Judge Weinshienk found that the claims asserted in the Application were timely under 28 U.S.C. § 2244(d). Judge Weinshienk further determined that the proposed amended claim asserting ineffective assistance of counsel based on counsel's failure to take adequate steps to locate and subpoena for trial the alternate suspect known as "Sisco" related back to the original filing date of this action, and was therefore timely. However, Judge Weinshienk concluded that Mr. Beatty's other proposed amended claim, asserting that trial counsel was ineffective in failing to introduce evidence to the jury of retaliation by Sisco, did not relate back to the original pleading and was therefore time-barred. *See Mayle v. Felix*, 545 U.S. 644, 656-664 (2005) (proposed amendment to habeas application relates back to the original application date if the proposed claims are "tied to a common core of operative facts" as the original claims). Accordingly, Judge Weinshienk granted Mr. Beatty's Motion to Amend to add an ineffective assistance of counsel claim based on the failure to take adequate steps to locate and subpoena for trial the alternate suspect known as "Sisco," but denied the Motion as to the other proposed claim.

Judge Weinshienk next addressed the issue of exhaustion of state court

remedies.  Respondents argued that Mr. Beatty failed to exhaust his state remedies for claims three, four, five, seven and eight and that the claims were procedurally barred. Judge Weinshienk determined that claims four, five, seven and eight were not exhausted because Mr. Beatty did not raise claims four, five and seven as federal constitutional claims on direct appeal, and did not raise claim eight in the state appellate court.  Judge Weinshienk further concluded, however, that Respondents had failed to demonstrate that claim three was not exhausted.  Judge Weinshienk then dismissed claims four, five, seven and eight as procedurally barred.

Respondents concede that Mr. Beatty exhausted his state court remedies for claims one, two, six, nine and ten and for the amended ineffective assistance of counsel claim, although, for the reasons discussed below, I find that claim two is procedurally barred in whole or in part.  I find that claims one, three, six, nine, ten, and Mr. Beatty's amended ineffective of assistance of counsel claim, are exhausted.  I will therefore address the merits of those claims.

## II.  STANDARD OF REVIEW ON MERITS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant habeas relief on any claim adjudicated on the merits by the state court if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Claims of legal error and mixed questions of law and fact are reviewed pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to apply a rule of law that was clearly established by the Supreme Court at the time his conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Id.* at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case sub judice. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of my inquiry pursuant to § 2254(d)(1). *See id.* at 1018. If a clearly established rule of federal law is implicated, I must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard [v. Boone]*, 468 F.3d [665,] 669 [ (10th Cir. 2006) ] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'"

*Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08. Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House,* 527 F.3d at 1018.

My inquiry pursuant to the "unreasonable application" clause is an objective one. *See Williams*, 529 U.S. at 409-10. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Beatty bears the burden of rebutting the presumption by clear and convincing evidence.

Additionally, I "owe deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id.* I also grant AEDPA deference to state-court decisions that applied a legal standard either identical to the federal standard or more favorable to the habeas applicant than the federal standard. *Patton v. Mullin*, 425 F.3d 788, 795 (10th Cir. 2005).

## III. MERITS OF THE CLAIMS

### A. Claim One

Mr. Beatty first asserts that there was insufficient evidence of specific intent to support his conviction for attempted first degree murder after deliberation. (Application at 5).

A constitutional challenge to the sufficiency of the evidence is governed by *Jackson v. Virginia*, 443 U.S. 307 (1979). Evidence is sufficient to support a conviction as a matter of due process if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in the original). I look at both direct and circumstantial evidence in determining the sufficiency of the evidence. *See*

*Lucero v. Kerby,* 133 F.3d 1299, 1312 (10th Cir. 1998). I "may not weigh conflicting evidence nor consider the credibility of witnesses," but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)).

On direct appeal, the state appellate court determined the following in resolving Mr. Beatty's claim:

> Here, defendant argues that insufficient evidence was presented to prove that he specifically intended to cause the father's death after deliberation because there was little evidence that defendant was the shooter and no credible evidence that he intended to kill the father.
>
> However, there was evidence of a verbal conflict between the father and defendant on the night of the shooting, which conflict was precipitated by an encounter between the father and defendant at a grocery store the previous week. There was also evidence that defendant expressed hostility toward the father after the verbal conflict. Although the driver of the white car recanted her pretrial statements, there was evidence that she told the police that defendant got into the front seat of the car, directed her to pursue the victims' car, and fired two shots. Further, the father testified that the white car began to pursue the victims shortly after the verbal conflict and that he saw defendant in the front passenger seat with a gun and then heard gunshots.
>
> Based on this evidence, a rational finder of fact could find the prosecution met its burden of proving beyond a reasonable doubt that defendant specifically intended to kill the father after deliberation.

*Beatty*, 80 P.3d at 852.

The state appellate court resolved Mr. Beatty's claim by applying a state law standard that is substantially the same as the *Jackson* standard. *Id.* at 851. Accordingly, habeas relief is not warranted unless the state court's application of the

test was objectively unreasonable.  *See Patton*, 425 F.3d at 795.

Mr. Beatty offers the following facts that, he thinks, demonstrate the absence of sufficient evidence to support the jury's finding that he acted with the requisite culpability to prove his commission of attempted first degree murder after deliberation: (1) the testimony of one incredible witness identified him as the shooter; (2) the prosecution failed to present any evidence as to Mr. Beatty's intent at the time of the shooting; (3) a witness testified that Sisco was the shooter; (4) the mother testified that she and the father ducked their heads when the gun was fired and therefore could not have seen the shooter; (4) the father's testimony identifying Mr. Beatty as the shooter was riddled with inconsistent statements; (5) the prosecutor argued in closing that Mr. Beatty shot at the victims for no reason; and, (6) none of the victims were injured.  (Application attachment at 4-5).

I have carefully reviewed the record of the trial proceeding and am convinced that the state appellate court's application of the *Jackson* standard was not unreasonable and was supported by the evidence presented at trial.  Mr. Beatty's arguments in support of his claim primarily raise issues of witness credibility.  However, it is not the function of a federal habeas court to revisit the jury's findings regarding witness credibility.  *See Messer*, 74 F.3d at 1013.  Indeed, I may not disregard witness testimony unless I find that the testimony was inherently incredible.  *See Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991) (internal citation omitted).  Testimony is incredible only if it is "unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have

occurred under the laws of nature." *Id.* (internal citations omitted); *see also United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001) (citing *Tapia*). The father testified that he saw Mr. Beatty in the front passenger seat holding a gun as the car pulled up next to the father's car before shots were fired and the father ducked his head. (State Court Record, Oct. 20, 1999 Trial Transcript at 45-48). Accordingly, because the father had a brief opportunity to observe Mr. Beatty with a gun immediately before he heard the shots, his testimony that Mr. Beatty was the shooter is not inherently incredible and it was the jury's decision whether to believe that testimony.

In addition, I find that the state appellate court's recitation of the evidence which supported the jury's findings that Mr. Beatty acted with intent and after deliberation are sustained by the record. Finally, the fact that none of the victims were injured in the shooting does not preclude the jury's finding that Mr. Beatty specifically intended to kill the father based on the evidence referenced by the state appellate court.

Viewing the evidence in the light most favorable to the prosecution, the state appellate court reasonably decided that a rational jury could find that Mr. Beatty shot at the father with the specific intent to kill him, and therefore, that he was guilty beyond a reasonable doubt of attempted first degree murder after deliberation. Mr. Beatty is not entitled to habeas relief on his first claim.

*B.  Claim Two*

Mr. Beatty asserts for his second claim that the trial court erred in failing to grant his motion for a new trial after the court failed to give a lesser included offense instruction requested by defense counsel. He further claims that as a result of the trial

12

court's failure to give a lesser included offense instruction, he was convicted by the jury of both attempted first degree assault and the lesser included offense of reckless endangerment, in violation of the Double Jeopardy Clause of the federal Constitution. (Application at 6, and attachment at 5-6).

Respondents argue that Mr. Beatty's claim is not subject to federal habeas review because the Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in a non-capital case. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980); *see also Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (establishing a rule of "automatic non-reviewability" for claims based on a state court's failure to give a lesser included offense instruction in a non-capital case). I agree with Respondents that Mr. Beatty may not challenge the trial court's failure to give a lesser included offense instruction in this federal habeas corpus proceeding. However, Mr. Beatty also claims that his convictions for greater and lesser included offenses violate double jeopardy. Although the double jeopardy claim is cognizable, Mr. Beatty's claim is procedurally barred, in whole or in part, for the reasons discussed below.

Mr. Beatty contends that his convictions for attempted first degree assault and the lesser included offense of reckless endangerment violate the Double Jeopardy Clause of the federal Constitution. (Application attachment at 5-6). Mr. Beatty, however, presented a different claim to the Colorado Court of Appeals. He argued on direct appeal of his conviction that the trial court's refusal to give the jury a lesser included offense instruction resulted in his convictions for attempted first degree murder after deliberation and the lesser included offenses of attempted first degree assault and

13

illegal discharge of a firearm, in violation of double jeopardy.  (Answer Ex. A at 20-23).

Accordingly, Mr. Beatty failed to present the specific federal issue raised in his § 2254

Application to the state appellate court.

Mr. Beatty must exhaust his available state remedies before raising his claims in

federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (a state prisoner

must "give the state courts one full opportunity to resolve any constitutional issues by

invoking one complete round of the State's established appellate review process");

*Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  A claim has been exhausted

when it has been "fairly presented" to the state court.  *Bland v. Sirmons*, 459 F.3d 999,

1011 (10th Cir. 2006) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "The

exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69

F.3d 1089, 1092 (10th Cir. 1995).  Mr. Beatty bears the burden of showing that he has

exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398

(10th Cir.1992).

I am mindful that Respondents have not raised the issues of exhaustion and

procedural bar as to claim two.  However, "a federal habeas court can always raise

procedural bar *sua sponte*." *Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir. 2001).

As such, on August 2, 2010, I issued an order to show cause to provide Mr. Beatty the

opportunity to demonstrate why this claim should not be dismissed as unexhausted and

procedurally barred.  *See Hardiman v. Reynolds*, 971 F.2d 500, 505 (10th Cir. 1992)

(defense of procedural bar may be raised *sua sponte* as long as petitioner is afforded

an opportunity to respond); *see also Granberry v. Greer*, 481 U.S. 129, 133-134 (1987)

(same as to exhaustion of state remedies). Mr. Beatty filed responses to the August 2 Order to Show Cause on August 20, 2010 (Doc. No. 32) and August 23, 2010 (Doc. No. 33). In both documents, he states that he satisfied the exhaustion requirement by arguing generally to the state appellate court that the trial court's failure to give a lesser included offense instruction resulted in his convictions of both greater and lesser included offenses, in violation of the Double Jeopardy Clause. (*Id.*). However, as discussed above, Mr. Beatty presented specific allegations to the state appellate court which did not include the allegations he raises in his federal habeas petition. Accordingly, based upon my review of the state court proceedings, I find that the substance of his second claim was never presented to the state courts, and is therefore unexhausted.

If a habeas petitioner has not exhausted his state remedies, his petition is generally denied without prejudice so that he may present his claims to the state court. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). However, if "the court to which the petitioner would be required to present his claim in order to meet the exhaustion requirement would now find the claims procedurally barred," then the petitioner is considered to have procedurally defaulted his claims and federal habeas review is precluded. *Id.* at 755 n. 1. Here, no further state court remedy exists as any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it could have been presented in an appeal or postconviction proceeding previously brought, *see* Rule 35(c)(3)(VII). A federal district court "does not address issues that have been defaulted in state court on an independent and adequate procedural ground, unless the

petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citations omitted). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman,* 501 U.S. at 730. Mr. Beatty's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy,* 38 F.3d 1128, 1130 (10th Cir. 1994). Mr. Beatty's responses to the August 2, 2010 Order to Show Cause do not provide any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, I find and conclude that Mr. Beatty's second claim challenging his convictions for attempted first degree assault and reckless endangerment as a violation of the Double Jeopardy Clause must be dismissed as procedurally defaulted.

Finally, to the extent that Mr. Beatty's allegations in his second claim can be liberally construed as asserting, in part, the same Double Jeopardy issues that he presented to the state appellate court, I find that the Colorado Court of Appeals' determination of those issues was consistent with federal law. The state appellate court concluded that attempted first degree assault and illegal discharge of a firearm were not lesser included offenses of attempted first degree murder after deliberation because proof of the statutory elements of attempted first degree murder after deliberation did not necessarily establish all the elements required to prove attempted first degree assault or illegal discharge of a firearm under the Colorado Criminal Code. *Beatty*, 80 P.3d at 854.

The Double Jeopardy Clause of the United States Constitution generally prohibits multiple punishments for greater and lesser included offenses. U.S. Const. amend. V. However, if each offense for which the defendant is tried or punished contains a separate element not present in the other, double jeopardy does not bar prosecution of both charges. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Brown v. Ohio*, 432 U.S. 161, 168 (1977) (stating that a "lesser included offense . . . requires no proof beyond that which is required for conviction of the greater" and that "[t]he greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it").

I am bound by the state appellate court's interpretation of state statutes. *See Missouri v. Hunter,* 459 U.S. 359, 368 (1983) ("We are bound to accept the [state] court's construction of that State's statutes."). Because attempted first degree assault and illegal discharge of a firearm are not lesser included offenses of attempted first degree murder after deliberation under Colorado law, the state appellate court's determination of Mr. Beatty's Double Jeopardy claim, as presented to that court, was not an unreasonable application of federal double jeopardy law.

Accordingly, Mr. Beatty's second claim is dismissed as non-reviewable to the extent he challenges the trial court's failure to give a lesser included offense instruction, is procedurally barred to the extent he challenges his convictions for attempted first degree assault and reckless endangerment as a violation of double jeopardy, and is otherwise dismissed on the merits under the deferential AEDPA standard of review.

*C. Claim Three*

Mr Beatty alleges in his third claim that there was insufficient evidence to support his convictions for attempted first degree extreme indifference murder. (Application at 6). Applicant alleges that proof of his specific intent to commit murder in the first degree after deliberation against the father necessarily negated the element of attempted first degree extreme indifference murder that he acted with universal malice with respect to the mother and child. (*Id.* attachment at 6).

Generally, a criminal defendant is protected against jury irrationality or error by the court's independent review of the sufficiency of the evidence to support each verdict. *See United States v. Powell*, 469 U.S. 57, 67 (1984). Accordingly, the *Jackson* sufficiency of the evidence standard governs Mr. Beatty's claim.

I note that Mr. Beatty did not present the federal constitutional issue asserted in his third claim on direct appeal or in his state post-conviction proceeding. Notwithstanding, the state appellate court addressed Mr. Beatty's third claim indirectly in the context of determining his other claims. Specifically, the appellate court rejected Mr. Beatty's argument that his convictions for attempted first degree extreme indifference murder and attempted first degree assault as to the mother and child should be vacated because the verdicts were inconsistent. *Beatty*, 80 P.3d at 853. Instead, the state appellate court vacated only the attempted first degree assault convictions. *Id.* The court reasoned: "We perceive no logical or legal reason to refuse to maximize the effect of the jury's verdicts where, although inconsistent, sufficient evidence supported both verdicts." *Id.* Further, in addressing Mr. Beatty's claim that one of his two convictions

for extreme indifference murder must be vacated, the state appellate court determined: "[D]efendant was properly convicted of multiple counts of attempted extreme indifference murder for shooting into a car with multiple passengers." *Id.* at 855. I find that the purpose of the exhaustion requirement has been met here because the state appellate court effectively determined that the evidence was sufficient to support Mr. Beatty's convictions for attempted first degree extreme indifference murder. *See O'Sullivan*, 526 U.S. at 845 (state courts must be afforded an opportunity to resolve the constitutional issue before prisoner seeks federal habeas relief). I therefore review Mr. Beatty's third claim under the AEDPA deferential standard of review.

In analyzing whether the *Jackson* sufficiency standard has been met, I consider Colorado substantive law to determine the element of the offense. *See Hamilton v. Mullin*, 436 F.3d 1181, 1194 (10th Cir. 2006). Under the Colorado Criminal Code, a person commits the crime of first degree extreme indifference murder if:

> Under circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally, he knowingly engages in conduct which creates a grave risk of death to a person, or persons, other than himself, and thereby causes the death of another;

COLO.REV.STAT. (C.R.S.) § 18-3-102(1)(d) (1999). Criminal attempt occurs when a person "acting with the kind of culpability otherwise required for commission of an offense, . . . engages in conduct constituting a substantial step toward the commission of the offense." C.R.S. § 18-2-101(1) (1999).

The Colorado Supreme Court has defined "universal malice" as "that depravity of the human heart, which determines to take life upon slight or insufficient provocation,

without knowing or caring who may be the victim." *People v. Jefferson*, 748 P.2d 1223, 1228 (Colo. 1988) (quoting *Longinotti v. People*, 102 P. 165, 168 (1909)).   Universal malice is demonstrated by acts that are calculated to put the lives of many persons in danger, without being directed against a particular person.  *Jefferson*, 748 P.2d at 1233; *People v. Zekany*, 833 P.2d 774, 776 (Colo. App. 1991) ("universal malice" established by evidence that defendant argued with victim, then shot a rifle toward a moving pickup truck containing the victim and three other people).

There was evidence at trial that Mr. Beatty fired two shots into a car that contained three individuals.  Even if Mr. Beatty specifically intended to kill only the father, his actions displayed the requisite universal malice and demonstrated that he knowingly engaged in conduct creating a grave risk of death to the mother and the child. Viewed in a light most favorable to the prosecution, a rational trier of fact could have found Mr. Beatty guilty beyond a reasonable double of extreme indifference murder. *See People v. Ellis*, 30 P.3d 774, 778-79 (Colo. App. 2001) (evidence that the defendant shot a gun through the closed front door of a house, knowing that both the injured and uninjured victims were directly behind the doors at the time the bullets were fired, and that the house was full of adults and children, established that defendant acted with universal malice and knowingly engaged in conduct creating a grave risk of danger to others); *People v. Moore*, 902 P.2d 366 (Colo. App. 1994) (although defendant's animus was first directed toward certain persons, defendant was properly convicted of extreme indifference murder when he attacked the next person to happen by); *People v. Fernandez*, 883 P.2d 491 (Colo. App. 1994) (despite defendant's

testimony that he just shot at a specific person, universal malice finding was sustainable where other evidence placed persons other than the victim in or near the doorway at which the defendant shot).

Accordingly, I find that the state appellate court's conclusion that "[Mr. Beatty] was properly convicted of multiple counts of attempted extreme indifference murder for shooting into a car with multiple passengers," *Beatty*, 80 P.3d at 855, was a reasonable application of the *Jackson* standard and was a reasonable determination of the facts in light of the evidence presented at trial. *See Aycox*, 196 F.3d at 1177. Mr. Beatty is therefore not entitled to federal habeas relief on his third claim.

*D. Claim Six*

Mr. Beatty alleges in his sixth claim that the trial court's imposition of an aggravated seventy-six year sentence based on the court's consideration of a different criminal case in which he was acquitted by the jury violated his right to due process. He also challenges the trial court's imposition of consecutive sentences as a violation of state law. (Application attachment at 12-14).

Violations of state law are not cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254 (district court shall entertain application of a writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws treaties of the United States); *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir.2002) ("A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law") (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Moreover, the imposition of consecutive sentences does not implicate the Eighth Amendment. *See*

*Hawkins v. Hargett*, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999) (noting that state trial

court's imposition of consecutive sentencing does not offend the Eighth Amendment

which focuses on a sentence imposed for each crime, not on an offender's cumulative

sentence for multiple crimes). Accordingly, for Mr. Beatty's sixth claim, I consider only

whether the trial court's imposition of a thirty-eight year sentence for each of Mr.

Beatty's attempted first degree murder convictions violated his Constitutional rights.

I must "afford wide discretion to the state trial court's sentencing decision, and

challenges to the decision are not generally constitutionally cognizable, unless it is

shown that the sentence imposed is outside the statutory limits or unauthorized by law."

*Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000).

The trial court sentenced Mr. Beatty, based in part, on its finding that Mr. Beatty

shot the victim in an unrelated trial, even though Mr. Beatty was acquitted by a jury on

the charged offenses of first and second degree murder. (State Court Record,

Transcript of Sept. 22, 2000 Sentencing Hearing at 70-77; Court File, Supplemental

Sentencing Findings at 123).

The state appellate court rejected Mr. Beatty's challenge to the sentence

imposed, based on the following reasoning:

> A trial court may consider a wide range of evidence in determining a
> defendant's sentence, including facts relating to charges of which the
> defendant has been acquitted. *United States v. Watts*, 519 U.S. 148, 117
> S.Ct. 633, 136 L.Ed.2d 554 (1997)(sentencing court may consider conduct
> underlying an acquitted charge where that conduct has been proved by a
> preponderance of the evidence) [state case law citations omitted].
>
> In determining defendant's sentence, the court considered the evidence in
> this case that defendant had been involved in an incident with the victims

the week before the shooting, wanted to kill the father, and did not care whether others would be hurt in this "classic drive-by shooting." The court also considered defendant's decision to be involved with gangs and to sell drugs, which defendant acknowledged in his statement at the sentencing hearing.

The court stated that it would consider evidence presented in the other case, and it found that defendant in fact had shot the victim in that case. The court explained that this finding was pertinent to sentencing in the present case because it demonstrated that defendant was involved in two shootings within a two-day period, had a propensity to carry guns for the purpose of resolving disputes, had a lack of concern for the safety of others, and posed a risk to society. The court clarified that it accepted the not guilty verdict in the other case and was not sentencing defendant for his conduct surrounding that case or concluding that it constituted a criminal offense. Thus, the court's findings with respect to the other case merely provided additional information upon which to determine the appropriate sentence in this case.

The court considered the requisite factors in determining defendant's sentence. [State case law citation omitted]. Further, under these circumstances, the fact that the court considered evidence of defendant's behavior presented in the other case was not a violation of defendant's due process rights. *See United States v. Watts*, *supra*; . . . .

*Beatty*, 80 P.3d at 856. The state appellate court further determined that Mr. Beatty had failed to allege a violation of his due process rights under *Apprendi* because "the sentence is within the range available to the court as a result of the jury's verdict." *Id.*

I find that the state appellate court correctly identified *Watts* and *Apprendi* as the governing Supreme Court law and reasonably applied those decisions in denying Mr. Beatty's challenge to the length of his sentence.

In *Watts*, the Supreme Court held that a sentencing court does not violate the Constitutional prohibition against double jeopardy by considering the defendant's conduct underlying charges of which he has been acquitted if the government has

established that conduct by a preponderance of the evidence. *Watts*, 519 U.S. at 157. *See also United States v. Valdez*, 225 F.3d 1137, 1142 (10th Cir. 2000). On federal habeas review, the state trial court's finding that the government established by a preponderance of the evidence that Mr. Beatty shot the victim in an unrelated case is presumed correct. *See* 28 U.S.C. § 2254(e)(1). Mr. Beatty has failed to rebut that presumption with any clear and convincing evidence to the contrary. *Id.* Accordingly, the Colorado Court of Appeals' determination that the trial court's sentencing decision comported with *Watts* was a reasonable application of federal law.

Under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), due process requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury, and proved beyond a reasonable doubt. Applicant's thirty-eight year sentence is below the forty-eight year maximum authorized by the Colorado Criminal Code for commission of attempted first degree murder, a class two felony and a per se crime of violence. *See* C.R.S. § 18-3-102(3) (first degree murder is a class one felony); § 18-2-101 (3.5) and (4) (criminal attempt to commit a class one felony is a class two felony subject to crime of violence sentencing pursuant to C.R.S.§ 18-1.3-406); §§ 18-1.3-406(1)(a), (2)(a)(I)(A), (2)(a)(II)(B) (person convicted of crime of violence for using or possession and threatening use of a deadly weapon during commission of attempted first degree murder shall be sentenced pursuant to C.R.S. § 18-1.3-401(8)(a)(I), to at least midpoint, up to twice the maximum, applicable presumptive range sentence); § 18-1.3-401 (V)(A) (presumptive sentencing range for class two felony is eight to

twenty-four years imprisonment). The state appellate court reasonably determined that the rule of *Apprendi* was not implicated by Mr. Beatty's thirty-eight year sentence because the facts proven to the jury beyond a reasonable doubt exposed Mr. Beatty to a prison sentence of up to forty-eight years. The jury found Mr. Beatty guilty of attempted first degree murder after deliberation (as to the father) and two counts of attempted first degree extreme indifference murder (as to the mother and child). (State Court Record, Court File at 95-97). The jury further indicated in the interrogatory included in each verdict that Mr. Beatty "did use or possess and threaten the use of a deadly weapon" in the commission of each offense. (*Id.*) Accordingly, Mr. Beatty was facing a forty-eight year sentence based on the jury's findings that he committed a class two per se crime of violence felony. As the Supreme Court noted in *Apprendi*, "nothing in th[e] history [of criminal felony law] suggests that it is impermissible for judges to exercise discretion–taking into consideration various factors relating both to offense and offender–in imposing a judgment *within the range* prescribed by statute." 530 U.S. at 481 (emphasis in original).

Mr. Beatty's sentence was within the limits authorized by Colorado statute and does not run afoul of the Constitution. Accordingly, I find and conclude that Mr. Beatty is not entitled to federal habeas relief on his eighth claim.

*E. Claim Nine*

Mr. Beatty next claims that the cumulative effect of error at his trial undermined the reliability of the verdicts and denied him a fair trial. (Application attachment at 17-19).

"Cumulative error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998). On direct appeal, the state appellate court rejected all but one of Mr. Beatty's claims of actual error at his trial.[1] *Beatty*, 80 P.3d 847. For the reasons discussed in this Order, Mr. Beatty has failed to demonstrate in his § 2254 Application that the state court's determinations were contrary to Supreme Court law, an unreasonable application of Supreme Court law, or an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Accordingly, Mr. Beatty cannot show that multiple errors occurred at his trial and therefore he is not entitled to federal habeas relief under the cumulative error doctrine.

## F. Claim Ten

Mr. Beatty alleges in his tenth claim that the trial court instructed the jury improperly regarding the elements of attempted first degree murder after deliberation, in violation of his right to due process. (Application attachment at 19-20). He asserts that the jury instruction omitted the requirement that he must have acted with intent to cause the death of another person after deliberation. *Id.*

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). However, not every "ambiguity, inconsistency, or deficiency" in a jury instruction renders the instruction

---

[1]The state appellate court agreed with Mr. Beatty that his convictions for attempted first degree extreme indifference murder were inconsistent with the convictions for first degree assault against the mother and the child and vacated the convictions for first degree assault. This single error at Mr. Beatty's trial cannot be the basis for relief under the cumulative error doctrine.

constitutionally infirm. *Middleton v. McNeil,* 541 U.S. 433, 437 (2004). Mr. Beatty must show both that the instruction was ambiguous and that there was "'a reasonable likelihood'" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Estelle*, 502 U.S. at 72 (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)). The pertinent question is "whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process. " *Estelle*, 502 U.S. at 72 (internal quotation marks omitted); *Tyler v. Nelson,* 163 F.3d 1222, 1227 (10th Cir.1999) ("As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.") (internal quotation marks omitted). A jury instruction may not be examined in artificial isolation, but must be viewed in the context of the overall charge. *Estelle*, 502 U.S. at 72-73; *Boyde*, 494 U.S. at 378; *Middleton,* 541 U.S. at 437.

The state appellate court reviewed Mr. Beatty's claim for plain error because he failed to raise an objection at trial. *Beatty*, 80 P.3d at 851. The appellate court determined:

> Criminal attempt requires that the accused act with the kind of culpability otherwise required for commission of an offense and engage in conduct constituting a substantial step toward the commission of the offense. Section 18-2-101(1), C.R.S. 2002. Where a defendant is charged with attempted first degree murder after deliberation, the "substantial step" element requires proof of the intent to commit first degree murder. First degree murder after deliberation requires that the act in question be committed after deliberation and with the intent to kill the victim. Section 18-3-102(1)(a), C.R.S. 2002; *Gann v. People*, 736 P.2d 37 (Colo. 1987);

*People v. Caldwell*, 43 P.3d 663 (Colo. App. 2001).

> An instruction defining attempted first degree murder after deliberation is erroneous if it omits any reference to the requirement that the defendant must have acted after deliberation and with the intent to kill. The preferable practice is to include the mens rea element of an offense in the instruction defining the offense. *Gann v. People*, *supra*.

> However, "[t]he failure to include the culpable mental state in the instruction defining the offense is not plain error so long as the instructions, read and considered in their entirety, clearly instruct the jury as to the required mens era." *Gann v. People*, *supra*, 736 P.2d at 39; *see People v. Caldwell*, *supra*.

> Here, the jury was instructed that the elements of attempted first degree murder after deliberation are that defendant intentionally engaged in conduct constituting a substantial step toward the commission of murder in the first degree after deliberation. Defendant argues that this instruction is deficient because it omits any reference to the requirement that defendant intended to cause the death of another person after deliberation. However, the jury was separately instructed that first degree murder after deliberation includes the elements that defendant acted with intent to cause the death of another person and after deliberation.

> Thus, the instructions taken as a whole clearly instructed the jury on the requisite elements of attempted first degree murder after deliberation, and any error in the attempt instruction is not plain error. *See People v. Caldwell*, *supra*.

*Beatty*, 80 P.3d at 851.

Under Colorado case law, plain error occurs when the error so undermines the fundamental fairness of the trial that it casts serious doubt on the reliability of the judgment of conviction. *People v. Miller*, 113 P.3d 743, 750 (Colo. 2005). Colorado's plain error test is rooted in due process principles. *See Wilson v. People*, 743 P.2d 415, 420 (Colo. 1987); *People v. Versteeg*, 165 P.3d 760, 765 (Colo. App. 2006). There is no practical distinction between the state court's plain error standard of review and the

federal due process test which requires reversal when error "so infused the trial with unfairness as to deny due process of law." *Estelle*, 502 U.S. at 75. Accordingly, I defer to the state appellate court's ruling unless it unreasonably applied the test. 28 U.S.C. § 2254(d)(1); *Patton*, 425 F.3d at 795.

The appellate court resolved Mr. Beatty's claim based on well-established Colorado precedent holding that a trial court's failure to instruct the jury properly does not constitute plain error if the relevant instruction, read in conjunction with other instructions, adequately informs the jury of the law. See *Miller*, 113 P.3d at 750; *People v. Harlan*, 8 P.3d 448, 472 (Colo. 2000) (error not reversible where jury instructions as a whole kept prosecution to its proper burden of proof concerning the elements of first-degree murder); *Gann*, 736 P.2d at 39 (no plain error where "attempt instruction omitted the requirement that the defendant act after deliberation, [but] the culpability element of deliberation was prominently included in the definition of the crime of first-degree murder"). Upon review of the jury instructions given at Mr. Beatty's trial, I find that the state court's application of Colorado's plain error test was a reasonable application of the principles of *Estelle*, *Boyde,* and *Middleton*. (State Court Record, Court File at 72-73 ). Accordingly, Mr. Beatty is not entitled to habeas relief on his tenth claim.

### G. Amended Ineffective Assistance of Counsel Claim

Mr. Beatty's final claim is that his trial counsel was ineffective for not taking adequate steps to locate and subpoena for trial the alternate suspect known as "Sisco," who was in a Louisiana jail on unrelated charges at the time of Mr. Beatty's trial.

(Motion to Amend (Doc. # 15) at 2-3). Mr. Beatty alleges that Sisco would have testified about statements Sisco made to the investigating detectives that "he sat in the front passenger seat" on the night of the shooting, was in possession of a gun, and fired "about one or two shots." (*Id.*).

Mr. Beatty raised his ineffective assistance of counsel claim in a Colo. Crim. P. 35(c) motion filed with the trial court. At the evidentiary hearing, trial counsel testified that the defense theory at Mr. Beatty's trial was that Mr. Beatty had been misidentified as the shooter and that an individual known as "Sisco" was seated in the front passenger seat and had fired the gun. (State Court Record, March 6, 2006 Transcript of Rule 35(c) Hearing at 100). Counsel further testified that his investigator's efforts to locate Sisco before Mr. Beatty's trial had been unsuccessful. (*Id.* at 103-04). Counsel stated that it was "extremely rare" to call an alternate suspect to testify as a defense witness at trial because of the unlikelihood that the individual would take responsibility for a felony that he had not been charged with, but for which he remained subject to prosecution. (*Id.* at 105). Counsel explained that the defense felt comfortable relying on the testimony of another witness who had made statements to the police identifying Sisco as the shooter. (*Id.* at 105-06). The alternate suspect, Sisco, testified at the evidentiary hearing that he did not even recall being in a car with Mr. Beatty on the night of the shooting. (*Id.* at 64-66).

The trial court rejected Mr. Beatty's claim that trial counsel was constitutionally ineffective in failing to locate Sisco and secure his testimony at trial, based on the following reasoning:

> The Court concludes that [trial counsel] adequately investigated the case and that he did everything possible to locate and return Cisco for trial. The Court believes [counsel's] testimony that Cisco was not located until after the first trial. The Court concludes that the Defendant's current argument that having Cisco present would have affected the outcome of the case is pure speculation and unlikely at best. Even assuming that he would [not] have denied being in the car had he been located for the trial, it is a quantum leap to next conclude that the jury would have determined that Cisco was the shooter, rather than Mr. Beatty.

(State Court Record, Court File at 292-293). The trial court further found that counsel was well-prepared throughout trial and had "thought through every strength and weakness of his case." (*Id.* at 293). The trial court therefore concluded that Mr. Beatty had failed to establish that his attorney's performance was deficient or that he was prejudiced as a result. (*Id.* at 294).

To prevail on his claim that trial counsel's assistance was constitutionally ineffective, Mr. Beatty must show that: (1) counsel's legal representation fell below an objective standard of reasonableness; and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel's decisions are presumed to represent "sound trial strategy;" "[f]or counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) (internal quotations omitted). "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691. Prejudice exists when there is a reasonable probability that, but for counsel's defective representation, the result of the proceeding

would have been different. *Id.* at 693. In evaluating prejudice, I consider the totality of the evidence before the jury. *Id.* at 695. I need not address both prongs of the *Strickland* inquiry if I determine that Mr. Beatty's claim fails on one. *Id.* at 697.

The state appellate court applied the *Strickland* standard and determined the following in resolving Mr. Beatty's claim:

> We reject defendant's contention that counsel was ineffective for failing to adequately investigate and present evidence in connection with the alternative suspect, Sisco.
>
> A criminal defendant is entitled to pretrial investigation that is sufficient to reveal potential defenses and facts relevant to guilty or penalty; a less than comprehensive investigation is reasonable to the extent that reasonable professional judgment supports the limits of the investigation. [state law citations omitted].
>
> Matters concerning what witnesses to call and whether and to what extent to challenge their testimony are strategic and tactical decisions that the court will not second-guess. [State case law citations omitted].
>
> Here, the record of pretrial proceedings and testimony at the postconviction hearing support the conclusion that counsel had adequately investigated the case and looked for Sisco and was unable to locate him until after trial. Prior to trial, the prosecutor stated as well that they had been unable to locate Sisco. The record also supports the trial court's findings that the alternate suspect theory was the primary focus of the defense and had been developed through the testimony of another witness, the driver.
> . . . .
>
> We note as well counsel's testimony at the postconviction hearing that alternative suspect theories are often presented without testimony from the alternative suspect because of the general unwillingness of people to take responsibility for crimes with which they were not, but could be, charged. Sisco testified at the Crim. P. 35(c) hearing, and his testimony was not consistent with the theory of defense presented at trial. Defendant has not shown that the outcome of the proceedings would have been different had counsel procured Sisco to testify at trial . . . . As such, he also failed to satisfy the second prong of the *Strickland* test.

(Answer Ex. J at 6-9).

The state appellate court resolved Mr. Beatty's claim under the correct legal standard set forth in *Strickland*. *Id*. at 3-6. I find that the state court reasonably applied that test because Mr. Beatty has failed to demonstrate that trial counsel could have located Sisco before trial, or that the failure to secure Sisco's testimony at trial was not the product of reasonable trial strategy. Moreover, even if Sisco had testified at Mr. Beatty's trial, there is nothing in the record of the state court proceedings to suggest a reasonable probability that Sisco would have admitted culpability for the offenses charged against Mr. Beatty, or that the jury might have acquitted Mr. Beatty. Mere speculation and conjecture is insufficient to satisfy the prejudice prong of *Strickland*. *See U.S. v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995). Accordingly, the state appellate court's determination that Mr. Beatty failed to demonstrate that he was prejudiced by trial counsel's failure to locate Sisco and secure his presence at trial was also reasonable under *Strickland*. Mr. Beatty is therefore not entitled to federal habeas relief for his amended claim.

Accordingly, it is

ORDERED that Applicant Elijah E. Beatty's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 6) is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Beatty has not made a substantial showing of the denial of a constitutional right.

Dated:  September 29, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge